1999-NMSC-009

975 P.2d 343

**In the Matter of Michael
A. RIGHTER, Esq.**

**An Attorney Admitted to Practice Before
the Courts of the State of New
Mexico**

No. 25,528.

Supreme Court of New Mexico.

Feb. 17, 1999.

Virginia L. Ferrara, Chief Disciplinary
Counsel, Albuquerque.

Michael A. Righter, Santa Fe.

**OPINION**

PER CURIAM.

{1} This matter came before the Court
following disciplinary proceedings conducted
pursuant to the Rules Governing Discipline,
Rules 17–101 through 17–316 NMRA, where-
in Michael A. Righter was found to have
committed multiple violations of the Rules of
Professional Conduct, Rules 16–101 through
16–805 NMRA. Despite several mitigating
factors, we adopt the sanction recommended
by the disciplinary board, with one modifica-
tion, and order that Michael J. Righter be
indefinitely suspended from the practice of
law.

{2} On February 21, 1997, respondent filed
a complaint against a healthcare provider for
wrongful termination, discrimination, viola-
tion of the American Disabilities Act (sic.)
and intentional infliction of emotional distress
on behalf of his client, Mr. McBrayer, in
state district court in Bernalillo County. In
April 1997, the healthcare provider filed a
notice of removal to the United States Dis-
trict Court on the basis that the complaint
sought relief under the Americans With Dis-
abilities Act. Although respondent was not
licensed to practice before the United States
District Court, he took no steps to seek
membership in that bar or to associate with
another attorney licensed to practice there.

{3} On May 1, 1997, the federal magistrate
judge entered a scheduling order directing
the parties to appear before him (or by tele-
phone) at a scheduling conference on May 27,
1997. Respondent neither appeared nor of-
fered any excuse for not doing so. During
the weeks that followed, both the defendant's
attorney and the federal judge tried without
success to communicate with respondent re-
garding materials necessary to complete a
pre-trial report.

{4} On June 23, 1997, the federal judge
issued an order to show cause directing the
parties to appear before him at 9:00 A.M. on
July 21 and to show cause why the case
should not be dismissed for failure to prose-
cute. Respondent failed to appear at 9:00
A.M. on July 21 or at any other time on that
date. At 10:35 A.M. on July 21, however, he
filed or caused to be filed a detailed answer
to the order to show cause claiming that he
had not received notice of the scheduling
conference and requesting that the case be
remanded to the Santa Fe County district
court even though it initially had been filed in

a state district court in another county. A copy of this same pleading had been mailed to opposing counsel on July 15, 1997. As a result of respondent's failure to appear on July 21, as well as his failure to assist with the preparation of the initial pre-trial report, the federal judge recommended that the case be dismissed without prejudice for failure to prosecute.

{5} Respondent continued to fail to provide discovery materials, and opposing counsel subsequently filed a motion to compel initial disclosures and discovery responses on August 6, 1997.

{6} On August 15, 1997, opposing counsel filed a supplemental response to the motion to remand, attaching thereto a copy of respondent's reply received by him on August 12, 1997. In the reply, respondent stated that "Plaintiff did not receive notice to appear on July 21, 1997, and answer a *sua sponte* order to show cause issued by the court." The facts establish that respondent was untruthful about his alleged failure to receive notice in that he sent a copy of his detailed response to the *sua sponte* order to opposing counsel well before the July 21 hearing.

{7} On November 3, 1997, a newly-assigned federal district court judge issued an order denying remand and an order to show cause why more severe sanctions than dismissal without prejudice should not be imposed, directing all counsel to appear before him at 11:00 A.M. on November 20, 1997. At the hearing, respondent continued to insist that the reason for his failure to appear on July 21 was that he received no notice, despite being confronted with the evidence that he had filed a response to the order about one hour and thirty-five minutes after that hearing and had mailed a copy of the response to opposing counsel several days prior to the hearing. He also advised the court that the case had been settled by the client's new attorney. Consequently, the case was dismissed with prejudice and the federal judge reported respondent's conduct to the disciplinary board.

{8} Despite several requests by disciplinary counsel and direct inquiry by the hearing committee, respondent has been unable or unwilling to explain his representation that he received no notice of the July 21, 1997, hearing.

{9} By reason of this conduct, respondent violated numerous provisions of the Rules of Professional Conduct: Rule 16-302, by failing to make reasonable efforts to expedite litigation; Rule 16-303(A)(1), by knowingly making an untrue statement of material fact to a tribunal; Rule 16-304(D), by failing to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party; Rule 16-505(A), by practicing law in a jurisdiction (United States District Court) where doing so violates the regulations of the legal profession in that jurisdiction; Rule 16-804(C), by engaging in conduct involving dishonesty, deceit, and misrepresentation; Rule 16-804(D), by engaging in conduct prejudicial to the administration of justice; and Rule 16-804(H), by engaging in conduct that adversely reflects upon his fitness to practice law.

{10} In addition to his misconduct in the *McBrayer* case, respondent undertook to represent a Mr. Henrickson in a claim he had against his neighbors involving water rights. The dispute involved a well, which had been supplying water to the client's property for approximately sixty (60) years despite its being located on the neighbors' property. The neighbors had cut off the water supply, and the client claimed a prescriptive easement by adverse possession.

{11} Respondent filed a lawsuit on behalf of his client, and between 1994 and 1997, the client was billed by and paid respondent $21,653.59 in fees and costs. Apart from one meeting respondent attended with the client regarding an unrelated matter, all of the monies paid were attributable to the water rights lawsuit. None of the billings specifically noted what respondent had actually been doing on the matter, however, and he offered no documentary evidence at the hearing to justify the fees he had charged.

{12} At the trial held on May 19, 1997, respondent's presentation consisted of calling two of the defendants to testify, both of whom denied the claim that the well had been consistently utilized by the client and

his predecessors in interest over the past half-century. Neither the client nor the previous owner of the land were called to testify and respondent offered no exhibits. At the conclusion of the case, the judge directed a verdict in favor of the defendants. After a brief hearing on their counterclaim where exhibits were admitted without objection by respondent, defendants were awarded $1400 in costs against respondent's client.

{13} In this instance, respondent not only violated Rule 16–101 of the Rules of Professional Conduct by failing to provide competent representation to a client but also violated Rule 16–105 by charging the client what was, under the circumstances, a clearly excessive fee.

{14} To compound his misconduct, respondent was less than cooperative with the office of disciplinary counsel during the investigation of the above complaints. Efforts by disciplinary counsel to obtain additional information from respondent in December 1997 and in January 1998 met with no success. It was reported to disciplinary counsel by the water rights client in February that respondent might have been hospitalized, but efforts to confirm the hospitalization were unsuccessful. Another letter was sent to respondent on February 11, 1998, suggesting that if he indeed had health problems, this could be a mitigating factor but that he would need to communicate with disciplinary counsel if formal charges were to be avoided. Respondent did not respond to this letter.

{15} On March 11, 1998, an employee of the office of disciplinary counsel received from the State Bar of New Mexico respondent's certification regarding records and handling of trust funds, which had been filed on February 28. She called respondent's office to ascertain whether he was well and still practicing law and spoke with a man who would not give his name but who claimed to have recently arrived from Wisconsin and who further advised that respondent was out of the office until 2:30 p.m. and would return the call. When no call was received, the employee called respondent's office again and spoke with the same person, who advised that respondent had not yet returned.

{16} About ten minutes later, the same person called the employee at the office of disciplinary counsel, now claiming to be respondent. He then spoke with disciplinary counsel, who inquired as to the status of his health. Respondent claimed he had recently been released from the hospital but did not elaborate further. When asked about disciplinary counsel's letter to him dated February 11, respondent replied that he had mailed a response the previous day. Since the response had not arrived, disciplinary counsel asked if respondent would fax a copy of the letter, which he agreed to do immediately. No response to the February 11 letter was ever received either by facsimile or by mail.

{17} In addition to constituting a failure to give his full cooperation to disciplinary authorities in violation of Rules 16–801(B), 16–803(D), and 16–804(D) of the Rules of Professional Conduct, such duplicitous conduct by respondent also violates Rules 16–804(C) and (H).

{18} The hearing committee and a panel of the disciplinary board found a number of factors in aggravation of respondent's misconduct but also noted several factors in mitigation. In addition to the fact that he has no prior disciplinary record, respondent testified that he is an alcoholic and that he has recently been hospitalized for that condition. It was also stipulated that he suffers from depression.

{19} While we are sympathetic toward respondent and his situation, where there is conduct involving dishonesty and no reason to believe that the attorney's physical or emotional condition would necessarily give rise to such dishonesty, our obligation to protect the public must outweigh our concern for the impaired attorney. The State Bar of New Mexico offers assistance to attorneys who encounter problems with substance abuse, but respondent has not availed himself of such assistance despite offers of support by that agency. Consequently, we see no alternative but to impose an indefinite suspension from the practice of law until such time as respondent can demonstrate that he has overcome any disability that may be impeding his ability to practice law in a competent manner.

{20} The hearing committee recommended that respondent also be required to make restitution to Mr. Henrickson of a portion of the excessive fee he was paid. The disciplinary board panel rejected this suggestion, noting instead that the client could submit his excessive fee claim to the State Bar's Fee Arbitration Committee. Since we have already determined that Henrickson was charged an excessive fee by respondent, we see no need to require him to resubmit the question to a panel of arbiters.

{21} NOW, THEREFORE, IT IS ORDERED that Michael A. Righter be and hereby is indefinitely suspended from the practice of law for a minimum of three (3) years pursuant to Rule 17–206(A)(3) NMRA, effective January 27, 1999.

{22} IT IS FURTHER ORDERED that judgment shall be and is hereby granted in favor of Paul Henrickson and against Michael A. Righter in the amount of $10,000 plus all costs incurred in the matter of *Paul Henrickson v. Ed Maes, et al.*, Cause No. SF–94–1179(C) in the First Judicial Court of New Mexico, and that said judgment may be reduced to transcript of judgment.

{23} IT IS FURTHER ORDERED that prior to the filing of any application for reinstatement pursuant to Rule 17–214 NMRA that respondent shall satisfy the following preconditions and show:

(1) That he has satisfied the judgment granted to Henrickson;

(2) That he has overcome any physical and/or mental disabilities that may have previously impeded his fitness to practice law;

(3) That he has taken and passed the Multistate Professional Responsibility Examination;

(4) That he has reimbursed the disciplinary board its costs in the amount of $570.73 on or before February 26, 1999, plus the statutory interest rate of 8 3/4% on any balance remaining as of February 27, 1999; and

(5) That he can provide at his own expense an attorney who has been approved to supervise his cases for the first twelve (12) months of his practice, if and when he is reinstated.

{24} IT IS FURTHER ORDERED that the costs awarded to the disciplinary board shall be reduced to a transcript of judgment.

{25} **IT IS SO ORDERED.**

PETRA JIMENEZ MAES, Justice, not participating.